1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| STEVEN BUTTON, Individually and<br>On behalf of All Other Similarly Situated | §<br>§<br>§ | |
| Plaintiff | § | Cause No: 7:20-CV-0003| |
| vs. | § | |
| | § | |
| THE RICHARDSON TRIDENT | § | |
| COMPANY,LLC | § | |
| Defendants | § | |

## ORIGINAL COMPLAINT-COLLECTIVE ACTION

COMES NOW, Plaintiff, STEVEN BUTTON ("Plaintiff"), individually by and through

his attorney, Gerald K. Fugit, Law office of Gerald K. Fugit, PC, and his Original Complaint-

Collective Action ("Complaint) against Defendants, THE RICHARDSON TRIDENT

COMPANY, LLC  (collectively "Defendants"), and in support thereof he does hereby state and

allege as follows, to wit:

### I.      PREMINARY STATEMENTS

1.      Plaintiff, individually, and on behalf of all others similarly situated,  brings this

action under the Fair Labor Standards Act, U.S. C. § 201, et seq (FLSA"), for declaratory

judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and

costs, including reasonable attorney's fees, as a result of Defendant's commonly applied policy

and practice of failing to pay Plaintiff and other similarly situated individuals' overtime

compensation for the hours in excess of forty hours in a single week that they were/are made to

work.

### II.      JURISDICTION AND VENUE

2.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S. C. § 1331 because this suit raises federal questions under the FLSA.

3.      A substantial part of the acts complained herein were committed and had their principal effect within Midland/Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant 28 U.S.C. § 1391.

### III.            THE PARTIES

4.      Plaintiff, STEVEN BUTTON, is an individual and resident of Texas

5.      At all times relevant to this Complaint, Plaintiff was  employed by Defendant as a Machinist and non-exempt from the requirements of the FLSA.

6.      Defendant, THE RICHARDSON TRIDENT COMPANY, LLC is a domestic for-profit limited liability company, registered to do business in the State of Texas, providing work of a machinist throughout Texas.

7.      The Defendant, THE RICHARDSON TRIDENT COMPANY, LLC annual gross volume of sales made, or business done was not less than $750,000.00 estimated, (exclusive of excise taxes at the retail level that are separately stated) during each of the seven (7) calendar years preceding the filing of this Complaint.

8.      During each of the three years preceding the filing of this Complaint, THE RICHARDSON TRIDENT COMPANY's employee, STEVEN BUTTON, was a machinist  and possible others that were engaged in interstate commerce or in the production of goods for interstate commerce, or employee handled, selling, or otherwise working on goods or materials that had been moved in Interstate commerce, including but not limited to vehicles, drilling

3

equipment, pump equipment, and various hand-tools, at least some of which had been moved in or produced for interstate commerce.

9.      Upon information and belief, Defendant, THE RICHARDSON TRIDENT COMPANY, LLC  controls or has the right to control the day-to-day operations of Defendant THE RICHARDSON TRIDENT COMPANY such that the Defendant is liable to Plaintiff as an employer under the FLSA.

10.      Defendant, THE RICHARDSON TRIDENT COMPANY, LLC. established and/or maintained the policies at issue in this case.

11.      Defendant, THE RICHARDSON TRIDENT COMPANY, LLC was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under FLSA.

12.      On information and belief  Plaintiff  may have been the only employee in the Odessa, Texas warehouse that was not paid overtime pay.

## IV.    FACTUAL ALLEGATIONS

12.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

13.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully forth in this section.

14.      During a year prior to the filing of this lawsuit, Plaintiff worked for  the Defendant as a Machinist.

15.      As a Machinist, Plaintiff's primary duties were to work on equipment brought into the shop.

4

16.     Plaintiff and other similarly  situated employees were classified as an hourly employee.

17.     During Plaintiff's employment as a Machinist, he was paid an hourly rate of $32.00 (Gross). Plaintiff's annual compensation was estimated to be $2,560.00 (Gross) included deduction for health and dental services and approximately $1,903.98  (Net) every two (2) weeks.

18.     During his shift, Plaintiff several worked in excess of forty (40 ) hours per week through his tenure with Defendant.

19.     Plaintiff has not received any overtime compensation during weeks in which  he worked more than forty hours.

20.     Plaintiff was entitled to 1.5 times their regular rate of pay for hours worked in excess of 40 in a week.

21.     Defendant, knew, or should reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

## V.     REPRSENTATIVE ACTION ALLEGATIONS

22.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S. C. § 216(b), when the Plaintiff  was employed by the Defendant, THE RICHARDSON TRIDENT COMPANY, LLC and who was entitled to payment for all the Plaintiff's overtime wages which Defendant failed to pay prior to the date of the filing of this lawsuit, through the time of the trial of this case and/or over a year prior to termination.

23.     Plaintiff is unable to state the exact number of class but believes that the classes

5

membership exceeds thirty (30) persons but is less than 150 persons. Defendant can readily identify the members of this classes, who are a certain portion of the current and former employees of the Defendants.

24.     The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

25.     The email address of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via text message to their last known phone number as soon as possible.

26.     The phone numbers of many of the probable FLSA collective action Plaintiff is available from the Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via text message to their last known phone number as soon as possible.

27.     Oilfield workers are by category not at their residences as frequently as many other working-class Americans. As such, they rely on email and text message just as much or more so than typical was earned, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

28.     The proposed FLSA class members are similarly situated in that they share these traits:

    i.      They performed the same or similar job duties;

    ii.     The Complainant was  subject to Defendants' common policy of failing to properly pay overtime-rate wages for all hours worked in excess of forty (40) hours per week especially to STEVEN BUTTON, who was an employee that worked in the Odessa, Texas warehouse that was not paid overtime pay.

6

     iii.    They were subject to numerous other common policies and practices as described *supra*

## VI.    LEGAL ALLIGATIONS

29.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A.    Individual Claim for FLSA Overtime Violations

30.    29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employees work in excess of forty per week. 29 U.S.C. § 207 (LEXIS 2013).

31.    Defendants failed to pay Plaintiff at a rate of one and one-half times his regular rate of all hours worked over forty (40) hours per week.

32.    Defendants know or should have known of its obligation to pay Plaintiff at a rate of one and one-half time their regular rate for all hours worked over forty (40) hours per week.

33.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the FLSA.

### B.    Collective Action Claims for Violation of the FLSA

34.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

35.    In addition to his individual claims against Defendants, Plaintiff brings claims for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitation period.

7

36.     The proposed class of opt-in Plaintiffs in this case is preliminarily defined as

follows:

**Each person who worked for the Defendant at any time During several years preceding the filing of the Original Complaint and/or five (5) years prior to termination**

37.     Throughout the statute of limitations period covered by these claims, Plaintiff and Putative Class Members regularly worked in excess of forty (40) hours per week, and Putative Class Members continue to do so.

38.     At all  relevant times, Defendants operated under common policies, plans and practices of failing and refusing to pay Plaintiff and Putative Class Members at one and one-half times their regular rate for work in excess of forty (40) in each workweek in violation of the FLSA.

39.     Defendants knew and should have known of its obligation to pay the Putative Class Members at a rate of one and one-half times their regular rate for al hours worked over forty (40) hours per week.

40.     Defendants' conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

41.     By reason of the unlawful acts alleged herein, Defendants are liable to Putative Class Members for monetary damages, liquidated damages and cost, including reasonable attorney's fee provided by the FLSA.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff STEVEN BUTTON, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as

8

follows:

 A.  That each Defendant be summoned to appear and answer herein;

 B.  That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

 C.  A declaratory judgment that Defendant practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.:

 D.  Certification of, and proper notice, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

 E.  Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq,; and attendant regulations at 29 C.F.R. §516 et seq.:

 F.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq.: and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation owed to Plaintiff and Putative Class Members during the applicable statutory period.

 G.  An order directing Defendants to pay Plaintiff and Putative Class Members prejudgment interest, reasonable attorney's fees and all costs connected with this action; and such other and further relief as this Court may deem necessary, just and proper.

9

Respectfully submitted,

**By /s/GERALD K. FUGIT**
fugitassist@att.net
GERALD K. FUGIT, P.C.
Attorney at Law
412 N. Texas Avenue
Odessa, Texas 79761
Tel: (432) 332-1661
Fax: (432) 335-0003
State Bar No. 07501000