IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| STEVEN BUTTON §<br>　　Plaintiff §<br>§<br>v. §<br>§<br>THE RICHARDSON TRIDENT §<br>COMPANY, LLC, §<br>　　Defendant § | CIVIL ACTION NO. 7:20-CV-00031-DC |

## DEFENDANT'S OPPOSED MOTION TO
## ENFORCE MEDIATED SETTLEMENT AGREEMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, The Richardson Trident Company, LLC, files its Opposed Motion to Enforce Mediated Settlement Agreement as follows:

**I.**

1. Through this matter ("*Button II*") and a related matter ("*Button I;*" *Button v. The Richardson Trident Company, LLC*, 7:19-CV-00203), Plaintiff asserted claims against Defendant in both matters related to his employment with and termination of employment from Defendant.[1] On October 18, 2021, the Parties successfully mediated *Button I and Button II* before Judge Ronald C. Griffin.[2] The Parties read the scope of the agreed terms of the settlement into the record, including the gross settlement amount of sixty-seven thousand dollars and no cents ($67,000.00),

---

[1] As used herein and in reference to *Button I* and *Button II*, "Defendant" applies to "The Richardson Trident Company, LLC." In *Button I*, Plaintiff named "The Trident Company, and Medals, USA d/b/a Reliance Steel and Aluminum Company" as Defendants in his Original Complaint. *See* Dkt. 1 (*Button I*). Plaintiff then amended his Original Complaint and named "The Richardson Trident Company, LLC" as the lone Defendant in his first, second, third, and fourth amended complaints. *See* Dkts. 5, 10, 11, and 29 (*Button I*). Defendant did not file an answer or responsive pleading before Plaintiff amended to only name "The Richardson Trident Company, LLC" as a Defendant. In *Button II*, Plaintiff named "The Richardson Trident Company, LLC" as the lone Defendant in his original and first amended complaints. *See* Dkts. 1 and 18 (*Button II*).

[2] "Parties" refers to both Steven Button, Plaintiff, and The Richardson Trident Company, LLC, Defendant, in both *Button I and Button II*.

where the agreement fully and finally settled all claims that Plaintiff brought and could have brought against Defendant in both *Button I* and *Button II*, subject to finalizing a single, written settlement agreement that was more comprehensive than what was read into the record.  *See* Exhibit A (October 18, 2021 transcript).

2.  Despite months of efforts, a single, comprehensive written settlement agreement was not finalized.  Defendant made multiple concessions, which it normally would not make in any other matter, in an effort to finally reach a written settlement agreement that Plaintiff would sign.  Defendants made these concessions, yet Plaintiff kept requesting more changes.  The Parties reached an impasse.

3.  The Parties then attempted to prepare an agreed motion to enforce protective order to seek the entry of a report and recommendation that adopted the scope of the agreed terms of the settlement that were read into the record on October 18, 2021 (Exhibit A).  Despite their efforts, the Parties were unable to reach an agreement to complete the same.

4.  Defendant now files this Opposed Motion to Enforce Protective Order.  Defendant wants *Button I* and *Button II* to be fully and finally resolved, and to pay the agreed gross settlement amount, representing the total amount of consideration that will be paid as damages to and on behalf of Plaintiff, including his attorneys' fees.  Defendant asks the Court to issue an order that enforces the mediated settlement agreement.  Specifically, Defendants seek a consolidated order that will enforce the mediated settlement agreement in *Button I* and *Button II* as follows:

>   (a)  The Parties have settled *Button I* and *Button II*, and Plaintiff has released and waived any and all claims he brought and that he could have brought in *Button I* and *Button II* related to his employment with and termination of his employment from Defendant, The Richardson Trident Company, LLC.  Plaintiff's release and

waiver of claims shall be interpreted broadly to include, but not limited to, any and all federal, state, and local laws, statutes, ordinances, regulations, constitutions, contract claims, common law claims, torts, and claims of negligence.

(b)     Plaintiff retains the right to assert state and federal claims that cannot be waived or released by law.  The Enforcement Order will not create, modify, or revive any claims that Plaintiff could have asserted or that he may still be able to assert, if any.

(c)     Consistent with Plaintiff's agreement to release and waive all claims brought and that could have been brought against Defendant by Plaintiff in *Button I* and *Button II*, the term "Defendant" includes all named and misnamed Defendants in *Button I and Button II*, as well as all current and former related businesses that The Richardson Trident Company, LLC's parent company, Reliance Steel & Aluminum Co., directly, or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with, and to further include any owners, shareholders, directors, officers, and employees of such businesses.

(d)     Subject to the Court issuing enforcement orders in *Button I* and *Button II*, the total gross settlement amount of $67,000.00 (sixty-seven thousand dollars and no cents), the total amount of consideration that will be paid to and on behalf of Plaintiff, including all of his attorneys' fees and costs that he has paid or incurred related to the prosecution of *Button I and Button II*, will be paid by three checks as follows (consistent with the Plaintiff's designation of the same during efforts to finalize a written settlement agreement):

(i)     *Payment to Plaintiff for Claims for Wages*. Defendant will pay

        Plaintiff, as payment for claims for wages, the gross sum of Twenty-One Thousand Three Hundred Fifty Dollars and no cents ($21,350.00), less all mandatory and applicable withholding taxes and payroll deductions, in a check made payable to "Steven Button";

(ii) *Payment to Plaintiff for Non-Wage Claims*. Defendant will pay Plaintiff, as payment for Plaintiff's non-wage claims (including claims of emotional distress), the gross sum of Twenty-One Thousand Three Hundred Fifty Dollars and no cents ($21,350.00) in a check made payable to "Steven Button"; and

(iii) *Payment to Plaintiff's Attorney*. Defendant will pay Plaintiff's counsel, Allen R. Stroder, Attorney at Law, the gross sum of Twenty-Four Thousand Three Hundred Dollars and no cents ($24,300.00), in a check made payable to "Allen R. Stroder";

(e) Defendant will mail the three above-described settlement checks to Plaintiff's counsel, Allen R. Stroder, Attorney at Law, 6010 Hwy. 191, Ste. 230, Odessa, Texas 79762, within forty (40) calendar days after the Court issues the enforcement order requested through this Opposed Motion, but only if Plaintiff does not appeal or seek reconsideration of the requested Enforcement Order.

(f) Plaintiff's counsel will file a Notice of Payment with the Court to acknowledge receipt of the three checks within five (5) business days after receiving such checks. Defendants' counsel will file a response to the Notice of Payment within fourteen (14) calendar days to inform the Court if the three settlement checks have been cashed or deposited by Plaintiff and his counsel, and

have cleared Defendant's bank.  The Court will retain enforcement authority over the settlement of *Button I* and *Button II* until Defendant's counsel files a response indicating that the three settlement checks have cleared its bank.

(g)     Plaintiff shall submit, through his counsel, properly completed and signed IRS Forms W-4 and W-9 to Defendant's counsel no later than five (5) business days after this Order is signed.

(h)     Any discrepancy between the agreed terms of the mediated settlement that were read into the record on October 18, 2021 transcript (Exhibit A) and the order sought through this Opposed Motion will be resolved in favor of the issued enforcement order.

## PRAYER

Defendant, The Richardson Trident Company, LLC, requests that the Court grant this Opposed Motion and enter a consolidated order of enforcement consistent with the relief requested herein that will ultimately result in the dismissal of both *Button I* and *Button II*.

Respectfully submitted,

/s/ *Adam D. Courtin*
Lawrence D. Smith
Texas Bar No. 18638800
larry.smith@ogletree.com
Adam D. Courtin
Texas Bar No. 24053153
adam.courtin@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, Texas  78205
210.354.1300
210.277.2702 (fax)

**ATTORNEYS FOR DEFENDANT
THE RICHARDSON TRIDENT
COMPANY, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that over a period of months, I conferred with Plaintiff's counsel, Allen R. Stroder, in an attempt to obtain settlement without court intervention or filing an opposed motion. Despite our efforts, we were unable to reach an agreement that was satisfactory to our respective clients.

/s/ *Adam D. Courtin*
Adam D. Courtin

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to the following counsel of record:

Allen R. Stroder
Attorney at Law
6010 Hwy. 191, Ste. 230
Odessa, Texas 79762
allen@stroderlaw.com

/s/ *Adam D. Courtin*
Adam D. Courtin

51603546.v1-Ogletree